```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VERNON PATILLO,                    )
                                   )    Civil Action
            Petitioner             )    No.  2012-cv-00813
                                   )
     vs.                           )
                                   )
                                   )
JOSEPH MAZURKIEWICZ and            )
ATTORNEY GENERAL OF THE STATE OF   )
PENNSYLVANIA,                      )
                                   )
            Respondents            )
```

O R D E R

NOW, this 12th day of March, 2015, upon consideration of the following documents:

      (1) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, which petition was dated February 13, 2012 and filed on February 15, 2012 (Document 1);[1]

      (2) Respondents' Answer to Petition for Habeas Relief, which response was filed May 15, 2012 (Document 10);

      (3) Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated May 15, 2012 and filed May 16, 2012 (Document 11);

      (4) Supplemental Report and Recommendation of Magistrate Judge Hart dated and filed October 6, 2014 (Document 31);

      (4) Objection to the Magistrate's Supplemental Report and Recommendation, which objection was filed by petitioner October 24, 2014 (Document 34);

---

[1] Mr. Patillo's original petition for writ of habeas corpus was filed on February 15, 2012.  However, the petition itself indicates that it was signed by petitioner on February 13, 2012.  Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider February 13, 2012 the filing date of Mr. Patillo's original petition.

it appearing after de novo review of this matter that petitioner was given a reasonable amount of time to seek to reply to Respondents' Answer to Petition for Habeas Relief, that a stay of this matter is not appropriate and that United States Magistrate Judge Jacob P. Hart did not inappropriately characterize petitioner's efforts at obtaining relief in this matter,

    <u>IT IS ORDERED</u> that petitioner's objections to Magistrate Judge Hart's Supplemental Report and Recommendation are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

    Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

    Here, petitioner asserts by way of objections to Magistrate Judge Hart's Supplemental Report and Recommendation, that he was again not provided an opportunity to explain why equitable tolling may be appropriate in this case.  In addition, defendant contends that he should be granted a stay of proceedings pursuant to the decision of the United States Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), because petitioner is pursuing a new petition in state court for post-conviction relief based upon new evidence, which stay was recommended to be denied by Magistrate Judge Hart.  Finally, petitioner takes issue with Magistrate Judge Hart's characterization of his attempts to obtain relief as persistent efforts to delay the final evaluation of his current petition for habeas corpus relief.  For the following reasons, I overrule petitioner's objections.

    (<u>Footnote 2 continued</u>):

---

(<u>Continuation of footnote 2</u>):

      Respondents' Answer to Petition for Habeas Relief was filed on May 15, 2012.  That same date, Magistrate Judge Hart's Report and Recommendation was signed and it was filed the next day.  A reply by petitioner is not granted as of right, but rather may be submitted "within a time fixed by the Judge."  Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts.  In his previous objection to Magistrate Judge Hart's original Report and Recommendation, petitioner asserted that he was unaware that his direct appeal was completed because his appellate counsel abandoned him and he was transferred between numerous correctional institutions, including outside the Commonwealth of Pennsylvania.

      While I originally made no findings regarding the strength of petitioner's claims, I did conclude that it was appropriate to permit petitioner to file a reply to address the issue of equitable tolling.  Thus, I remanded this matter back to Magistrate Judge Hart to consider any rely submitted by petitioner in evaluating whether equitable tolling might be appropriate in this matter.

      By my Order dated May 20, 2014 and filed May 22, 2014, I granted petitioner the opportunity to file a reply and remanded the matter to Magistrate Judge Hart to consider petitioner's reply and file a supplemental Report and Recommendation.  Specifically, I gave petitioner until July 22, 2014 to file a reply (approximately two months after my Order.  By Order dated and filed June 30, 2014, Magistrate Judge Hart gave petitioner an enlargement of time until September 30, 2014 to file his reply.  That Order further provided that there would be no further enlargements of time granted.

      Petitioner contends that he received the state court record in this case and realized that it contained a witness statement that he allegedly had never been provided.  He further contends that he sought a stay of this matter, which was denied by Magistrate Judge Hart so that he could go back to state court and exhaust that new claim.  Petitioner contends that Magistrate Judge Hart's denial of the stay was in error.  I disagree.

      Initially, I conclude that petitioner was given more than adequate time to reply to respondents' answer to his habeas corpus petition.  In the original Report and Recommendation Magistrate Judge Hart determined that the statute of limitations under 28 U.S.C. § 2244(d)(1) expired on July 25, 2009 and petitioner did not file the within petition until nearly two years and seven months later on February 13, 2012.  Petitioner was provided over four months to file a reply and attempt to explain why equitable tolling should be permitted and he did not do so.  In the absence of any information or argument to the contrary, I conclude that Magistrate Judge Hart correctly determined that the within petition is untimely.  Moreover, I conclude that there is nothing about petitioner finding newly discovered evidence that prevented him from addressing the timeliness issue within the four months provided him by my May 22, 2014 Order and Magistrate Judge Hart's June 30, 2014 Order.

      Next, I conclude that Magistrate Judge Hart was correct when he denied petitioner's motion for stay because if petitioner did not establish that equitable tolling should be applied, his original petition is untimely

                                   (<u>Footnote 2 continued</u>):

<u>IT IS FURTHER ORDERED</u> that Magistrate Judge Hart's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that Magistrate Judge Hart's Supplemental Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that the pro se petition for habeas corpus relief is denied without a hearing.

<u>IT IS FURTHER ORDERED</u> that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.[3]

---

(<u>Continuation of footnote 2</u>):

and should not be stayed pending resolution of an issue in state court which is not part of the pending habeas petition.  I further conclude that the current habeas petition is not a mixed petition, because the newly-discovered-evidence issue is not before this court, so the <u>Rhines</u> stay and abey procedure is inapplicable.

Finally, I overrule petitioner's objection to Magistrate Judge Hart's statement "he [petitioner] has made persistent efforts to delay the final evaluation of his petition for habeas corpus relief."  See Supplemental Report and Recommendation at page 1.  Specifically, I conclude that this statement could be construed as reasonable after petitioner was given four months to file his reply and he failed to do so, and instead, sought to stay this action while he went back to state court to pursue his newly discovered evidence claim which has nothing to do with the issue of the timeliness of the within petition.

Accordingly, I conclude that all of petitioner's objections to Magistrate Judge Hart's Supplemental Report and Recommendation are without merit.  Thus, I overrule each objection and approve and adopt both the original Report and Recommendation and the Supplemental Report and Recommendation.  Specifically, I conclude that the within petition for habeas corpus relief is untimely and that there is no basis to apply equitable tolling.

[3] The Third Circuit Local Appellate Rules require that "[a]t the time a final order denying a petition under 28 U.S.C. § 2244 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue." 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability shall issue "only if the applicant has made a

(<u>Footnote 3 continued</u>):

        IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

                                          BY THE COURT:

                                          /s/ JAMES KNOLL GARDNER
                                          James Knoll Gardner
                                          United States District Judge

---

(Continuation of footnote 3):

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

        Here, I conclude that jurists of reason would not debate the conclusion that the within petition fails to state a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542, 555 (2000). Accordingly a certificate of appealability is denied.